UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DAVID C. LETTIERI,

            Plaintiff,

     v.                                      23-CV-867-LJV
                                                ORDER

JOEL DANIELS, *et al.*,

            Defendants.

———————————————————————

       The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Northeast Ohio Correctional Facility when he commenced this action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Docket Item 1.  He alleges that during his criminal case, his attorney, Joel Daniels, waived his right to a post-arraignment felony hearing.  *Id.*

       On October 16, 2023, the Court dismissed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).  Docket Item 3.  Lettieri then moved for reconsideration of that order, Docket Items 6 and 9; moved for this Court's recusal, Docket Item 5; and filed a notice of appeal, Docket Item 7.

---

[1] On June 14, 2023, a jury found Lettieri guilty of one count of enticement of a minor in violation of 18 U.S.C. § 2442(b).  *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023).  For several reasons, including his retention of new counsel, he has not yet been sentenced.

       Since November 2022, Lettieri has filed more than 70 civil complaints and habeas petitions in this District.  The Court recently imposed a filing injunction to address Lettieri's pattern of abuse of the judicial process.  *In re: David C. Lettieri*, Case No. 23-mc-32, Docket Item 18 (W.D.N.Y. Jan. 19, 2024).

For the reasons that follow, Lettieri's motions are denied.[2]

**DISCUSSION**

## I.     MOTION FOR RECUSAL

A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned" and in any proceeding "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455.  "[R]ecusal motions are committed to the sound discretion of the district court."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

Lettieri asserts several grounds for recusal: (1) that he has sued this Court in several other civil actions; (2) that the Court is conspiring with the government; and (3) that the Court has made statements to which Lettieri objects.  Docket Item 5.  Those are not bases for recusal here.

First, "a judge is not required to recuse him- or herself simply because a litigant before the judge has filed suit or made a complaint against him or her."  *Jenkins v. Sladkus*, 2004 WL 1238360, at *1 (S.D.N.Y. June 3, 2004).  Second, "bald allegations"

---

[2] Despite Lettieri's notice of appeal, this Court retains the power to consider his pending motions under Federal Rule of Civil Procedure 62.1, which provides that when a litigant timely moves for relief while an appeal is pending, the district court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  In fact, the Second Circuit has stayed at least one of Lettieri's appeals pending resolution of a motion for reconsideration before this Court.  *Lettieri v. Auricchio*, Case No. 23-8094, Docket Item 7 (2d Cir. Dec. 27, 2023).  Although the Second Circuit did not do that here, it presumably will treat all of Lettieri's cases in the same manner.  Therefore, and because it has the authority to do so under Rule 62.1, this Court decides Lettieri's pending motions.

or speculation that a judge is engaged in criminal conduct are "insufficient to compel recusal."  *Jordan v. U.S. Dep't of Just.*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018).  Third, "opinions formed by the judge on the basis of . . . events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for . . . [recusal] unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Lettieri points to nothing suggesting that this Court's impartiality might reasonably be questioned.  *See* Docket Item 5.  In fact, several—if not all—of his allegations are frivolous.  *See id.*  Moreover, this Court harbors no bias against Lettieri and has previously denied several of his motions seeking its recusal, *see, e.g.*, *Lettieri v. W. Dist. of New York*, Case No. 23-cv-770, Docket Item 7 at 4-6 (W.D.N.Y. Sept. 11, 2023), which have become part of his pattern of vexatious litigation, *see supra* at n.1.

Lettieri's motion for recusal therefore is denied.

## II.   MOTIONS FOR RECONSIDERATION

"As explained by the Second Circuit, 'the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Kharshiladze v. Philips*, 2021 WL 1525869, at *1 (W.D.N.Y. Apr. 19, 2021) (alterations omitted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."  *Id.* (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992)).  "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court."  *Id.* (quoting *Boyde v. Osborne*, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013)); *see Nossek v. Bd. of Educ. of Duanesburg Cent. Sch. Dist.*, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).

Lettieri's motions for reconsideration do not demonstrate any of the three circumstances under which reconsideration might be warranted.  *See Kharshiladze*, 2021 WL 1525869, at *1.  Indeed, Lettieri does nothing more than make a bald and baseless claim about a conspiracy between his prior lawyer, a prosecutor, and a magistrate judge, *see* Docket Item 6 at 1-2; criticize this Court and reargue the law that this Court applied in its prior decision, *see id.* at 1-3; and raise an irrelevant claim that he is a "class of one," *see* Docket Item 9.  Because there is no reason for this Court to revisit its previous order, Lettieri's motions for reconsideration are denied.

## <u>CONCLUSION</u>

For the reasons stated above, Lettieri's motion for recusal, Docket Item 5, and motions for reconsideration, Docket Items 6 and 9, are DENIED.

SO ORDERED.

Dated:   February 5, 2024
         Buffalo, New York


                                             /s/ Lawrence J. Vilardo
                                            _____
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE